Pendleton vs. Texas Farmers & State Farm 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-283-CV


 



DOROTHY PENDLETON,




 APPELLANT


vs.





TEXAS FARMERS INSURANCE COMPANY AND


STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,




 APPELLEES




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT



NO. 480,114, HONORABLE PAUL DAVIS, JUDGE PRESIDING



 





 In an action for underinsured motorist benefits arising out of an automobile
accident, Dorothy Pendleton, the insured, appeals a summary judgment rendered in favor of Texas
Farmers Insurance Company ("Farmers") and State Farm Mutual Automobile Insurance Company
("State Farm") (collectively, "Insurers"). In nine points of error and four reply points of error,
Pendleton argues: (1) a fact issue exists regarding Insurers' consent to Pendleton's settlement of
her negligence claim against the other driver involved in the accident; (2) the summary judgment
evidence did not establish as a matter of law that Pendleton was required to get Insurers' consent
before settling with the other driver; (3) the summary judgment in favor of Insurers was
erroneously based on a judgment in another suit when the other suit was not pleaded as a ground for summary judgment; (4) the summary judgment evidence did not establish
as a matter of law that the other driver was not an underinsured motorist. We will reverse.



 BACKGROUND


 Dorothy Pendleton was involved in an automobile accident with Gloria McCoy. 
At the time of the accident, Pendleton had underinsured motorist coverage with Farmers and she
was driving a vehicle insured by State Farm for underinsured motorists benefits. Pendleton filed
suit in the Travis County District Court against Farmers and State Farm for underinsured
motorists benefits, and against McCoy for negligence. Farmers and State Farm subsequently filed
suit in the Lubbock County District Court for declaratory judgment to determine the rights and
legal relationships of the parties pursuant to the insurance policies. Farmers and State Farm filed
motions for summary judgment in the Travis County suit, alleging that Pendleton's claims were
based on a valid, enforceable policy exclusion. Meanwhile, in the Lubbock County case, the trial
court rendered an adverse judgment against Pendleton. Insurers then filed a joint motion in the
Travis County court to supplement their previous motions for summary judgment with evidence
of the Lubbock County court's adverse judgment against Pendleton. (1) The Travis County District
Court granted Insurers' motion to file supplemental evidence and then granted summary judgment
to Insurers based on the judgment rendered by the Lubbock County District Court. Pendleton
appeals.



DISCUSSION


 In her sixth and seventh points of error, Pendleton asserts that the Travis County
District Court erred in granting summary judgment on a theory not pleaded in Insurers' motion
for summary judgment. In response, Insurers contend that they expressly presented the Lubbock
County judgment to the Travis County court by written motion and that under the doctrine of res
judicata, the Travis County court properly rendered summary judgment based on the Lubbock
County judgment.

 A motion for summary judgment must "itself expressly present the grounds upon
which it is made." McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). 
Furthermore, the motion for summary judgment will "stand or fall on the grounds expressly
presented in the motion." Id. This rule does not permit the trial court to rely upon summary
judgment evidence in determining whether grounds for summary judgment have been presented. 
Id. Consequently, it is error for a trial court to grant summary judgment based on evidence filed
in support of the motion for summary judgment when that evidence attempts to raise a theory not
presented in the actual motion.

 In the instant case, Insurers moved for summary judgment with the Travis County
District Court on the sole basis that Pendleton settled her claims without Insurers' consent and
thus fell within a valid and enforceable exclusion of coverage under her policies. It was not until
after the Lubbock County District Court rendered its judgment that Insurers moved for leave to
file the Lubbock County judgment as supplemental evidence in support of their motions for
summary judgment. Even then, Insurers did not amend their original motions for summary
judgment to add the additional ground of a prior adverse judgment; they merely offered more
evidence in support of their original motions. Because the Lubbock County judgment was never
pleaded as a ground for summary judgment, the Travis County District Court erred in granting
summary judgment on that basis. Accordingly, we sustain Pendleton's sixth and seventh points
of error. Because these points are dispositive of the appeal, we do not address Pendleton's
remaining points of error.

 We reverse the judgment of the Travis County District Court and remand the cause.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Reversed and Remanded

Filed: April 6, 1994

Do Not Publish

1. Insurers' motion was titled "Defendants' Joint Motion for Leave to File Supplemental
Evidence in Support of Defendants' Motions for Summary Judgment, or in the Alternative,
Defendants' Motion for Continuance." In this motion, Insurers requested leave to supplement the
evidence in support of their motions for summary judgment with the Lubbock County judgment
and jury verdict. In the alternative, Insurers requested a continuance so that they could tender
additional summary judgment evidence which would consist of the live pleadings from the
Lubbock County case, together with the verdict and judgment rendered in that case. At oral
argument in this Court, the parties stated to the Court that the Lubbock County judgment is
presently on appeal.